Gary C. Moss, Bar No. 4340
mossg@jacksonlewis.com
Paul T. Trimmer, Bar No. 9291
trimmerp@jacksonlewis.com
**JACKSON LEWIS LLP**
3960 Howard Hughes Parkway
Suite 450
Las Vegas, Nevada 89169
Tel:  (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendant*
*Medco Health LLC*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NAMIT BHATNAGAR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MEDCO HEALTH, LLC, a foreign Limited Liability Company doing business in Nevada DOES I through X and ROES I through X,<br><br>Defendants. | Case No.:  2:11-cv-00914-PMP-LRL<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITION TO REMOVAL** |

On June 24, 2011, Plaintiff Namit Bhatnagar filed a document entitled "Plaintiff's Opposition to Removal of Civil Action From State Court to United States District Court."  (Docket No. 9).  It would appear that the document, in light of Mr. Bhatnagar's *pro se* status, would more properly be characterized as a motion to remand his lawsuit back to state court.  Accordingly, Defendant Medco Health, LLC ("Medco" or "Defendant") by and through its counsel, Jackson Lewis LLP, hereby submits the following opposition to Plaintiff's request for remand.

## I.     INTRODUCTION

Mr. Bhatnagar's Complaint contains four causes of action: wrongful termination, breach of contract, breach of trust and good faith, and fraud and deceit.  Mr. Bhatnagar claims that removal of this lawsuit was improper because these are state law claims.  "Plaintiff had not alleged

any violation of Federal Statutes" in his Complaint; and, his still-unidentified "agreement [with Medco] does not require interpretation and application of a Collective Bargaining Agreement." Motion ¶¶ 5-8.

Mr. Bhatnagar's analysis of the situation is clearly incorrect.  Even when a plaintiff does "not plead a breach of contract claim in his complaint, if the plaintiff['s] claim is either grounded in the provisions of the labor contract or requires interpretation of it" the claim is preempted. *Burnside v. Kiewit Pacific Corporation*, 491 F.3d 1053, 1059 (9th Cir. 2007).  Here, although he has attempted to frame his causes of action as state law claims, Mr. Bhatnagar's causes of action plainly depend on the interpretation and construction of rights and obligations set forth in Medco's collective bargaining agreement with the Retail, Wholesale and Department Store Union – United Food and Commercial Workers Union Local 1102 (the "Union" or "Local 1102").  As such, the claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and are properly before the Court.  Plaintiff's Opposition/Request for Remand should be denied.

## II.    BACKGROUND

Mr. Bhatnagar worked in Medco's call center as a customer service representative, and as such, the terms and conditions of his employment were set by the collective bargaining agreement between Medco and Local 1102.  *See* Compl. at ¶¶ 5-13 and 15-28; *see also* Compl. Ex. A.[1]

As set forth in Defendant's Petition for Removal, Doc. No. 1, and its Motion to Dismiss, Doc. No. 6, Mr. Bhatnagar's lawsuit contains four claims, each of which is predicated on his contention that he was wrongfully terminated.  *See* Compl. at ¶¶ 5-13; 15-28; 33-39; 42-49; 52-55; *see also* Compl. Ex. A (Plaintiff's Termination Notice).

In Plaintiff's first cause of action for wrongful termination, Compl. at ¶¶ 14-30, Mr. Bhatnagar claims that Medco had a "duty … to provide [him with] the employment

---

[1]    Notably, Mr. Bhatnagar's Termination Letter contains a line for his union representative's signature.  Mr. Bhatnagar apparently declined representation.  *See* Compl. Ex. A.

letter/agreement … explaining the **terms and conditions**" of his employment but that Medco failed to do so.  Compl. at ¶ 16 (emphasis added).  Plaintiff further asserts that he was not provided copies of Medco's "rules and policy", and that Medco is an "LLC and it must have some written rule, regulations and policies." *Id.* ¶ 24.  Mr. Bhatnagar alleges that his termination was "wrongful" because there is no evidence he violated any written rules or policies and because Medco failed to consider his performance history. *Id.* at ¶¶ 22-30.

Similarly, Mr. Bhatnagar's second cause of action asserts that his termination was a breach of contract.  Compl. at ¶¶ 31-40.  Plaintiff asserts that it was Medco's "duty … to provide the employment letter and the copy of the agreement to the Plaintiff explaining the terms and conditions of the employment" but that the agreement was never provided to him. *Id.* at ¶¶ 33-34.  He also claims that his termination constituted a breach of the agreement. *Id.* at ¶¶ 36-40.

The third claim in the Complaint is for "breach of trust and good faith."  Compl. at ¶¶ 41-50.  This cause of action is also based on Mr. Bhatnagar's termination. *Id.* at ¶¶ 42-48.  He alleges that his discharge was a breach of "trust and good faith" because it was premised on an allegedly "false statement" and "manipulated" documents. *Id.*

Mr. Bhatnagar characterizes his fourth cause of action as a claim for "fraud and deceit." Compl. at ¶¶ 51-56.  As with his first, second and third causes of action, the claim is predicated on Plaintiff's discharge. *Id.*  Mr. Bhatnagar asserts his "termination is based on a false fabricated log report" and other "false and fabricated documents." *Id.* at ¶¶ 52-54.  Without further elaboration, he claims that the alleged "manipulate[ion]" of those documents constitutes fraud. *Id.* at ¶ 55.

The collective bargaining agreement contains three provisions that are relevant to this dispute: Articles 9, 10 and 11. *See* Petition for Removal Ex. A and Motion to Dismiss Ex. A. Article 9 of the CBA limits the Company's ability to discharge members of the bargaining unit to

situations where the Company has "just cause." *Id.* Articles 10 and 11 of the CBA set forth detailed grievance and arbitration procedures for resolving alleged violations of the CBA, including allegedly improper terminations. *Id.* Any dispute between Medco and the Union regarding the interpretation or application of the CBA is subject to mandatory arbitration. *Id.* If an employee disputes disciplinary action, including discharge, the CBA requires the employee to lodge a grievance within fifteen days of the disciplinary action or the grievance is barred. *Id.*

## III.   ARGUMENT

Mr. Bhatnagar opposes removal on two grounds. First, he contends that his claims are state law claims that are neither grounded in nor require interpretation of Medco's collective bargaining agreement with the Union. Second, he claims that even if the CBA is relevant to the resolution of his claims, it does not matter because his Complaint does not actually contain any federal causes of action. As set forth in more detail, both contentions are meritless.

### A.    Mr. Bhatnagar's Claims Are Preempted by Section 301.[2]

Under well-established Ninth Circuit precedent, state law claims like those asserted by Mr. Bhatnagar are preempted "if the plaintiff['s] claim is either grounded in the provisions of the labor contract *or* requires interpretation of it." *Burnside*, 491 F.3d at 1059; *see also Adkins v. Mireles*, 526 F.3d 531, 539 (9th Cir. 2008); *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988) (Section 301 preempts state claims based upon obligations created by a collective bargaining agreement). Put another way, claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, so long as the CBA "can reasonably be said to be relevant to the resolution of the dispute." *Firestone v. Southern California Gas Co.*, 281 F.3d 801, 802 (9th Cir. 2002).

It is plain that Medco's CBA with the Union is relevant to the resolution of Mr.

---

[2]      This argument is set forth in more detail in Section IV.A of Medco's Motion to Dismiss, Doc. No. 6, and that argument is incorporated herein by reference.

Bhatnagar's claims.    He has four causes of action: (1) wrongful termination; (2) breach of contract; (3) breach of trust and good faith; and (4) fraud and deceit.    Each of these claims is predicated on allegations that Mr. Bhatnagar was terminated without notice and without adequate warning as to the rules he was accused of violating.    In other words, this lawsuit is a classic union discharge case: Mr. Bhatnagar contends that he was terminated without just cause.    Indeed, courts have repeatedly held that claims like those brought by Mr. Bhatnagar are preempted by Section 301.    *See, e.g., Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (claim was preempted because it was "defined by the contractual obligation of good faith" arising from the CBA).

More specifically, and turning to Plaintiff's first cause of action, Ninth Circuit clearly holds that claims for wrongful termination, when brought by an employee who was subject to a collective bargaining agreement like Mr. Bhatnagar, depend on allegations that the employee's termination violated the good cause provision in the relevant CBA.    *See, e.g., Hyles v. Mensing*, 849 F.2d 1213, 1216 (9th Cir. 1988).    Such claims are therefore "inextricably intertwined with consideration of the terms of the labor contract'" and preempted by federal law.    *Id.*; *Grayson v. Titanium Metals Corp*., Case No. 2:08-cv-1874, 2009 U.S. Dist. LEXIS 7235, at *2-3 (D. Nev. Jan. 30, 2009) (holding that although claims such as wrongful discharge "appear to be framed under state law, they are clearly preempted") (citing *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 562, 96 S. Ct. 1048 (1976)); *Sewell v. Genstar Gypsum Products Co., Div. of Domtar Gypsum, Inc*., 699 F. Supp. 1443, 1449 (D. Nev. 1988) ("Plaintiff's wrongful discharge claim, whether framed in terms of breach of Collective Bargaining Agreement, breach of individual employment contract, or breach of implied covenant of job security, is governed by the terms of the Collective Bargaining Agreement, and is therefore preempted by § 301 of the LMRA.").

Similarly, Mr. Bhatnagar's boilerplate denial that his second cause of action for breach of contract, *see* Doc. No. 9 at ¶¶ 8-9, does not concern the CBA is meaningless.[3]  The Ninth Circuit has repeatedly held that "because any 'independent agreement of employment [concerning a job position covered by the CBA] could be effective only as part of the collective bargaining agreement,' the CBA controls and the contract claim is preempted." *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000) (quoting *Young v. Anthony's Fish Grottos*, 830 F.2d 993, 997 (9th Cir. 1987)); *Sewell*, 699 F. Supp. at 1449.  Neither Mr. Bhatnagar's Complaint nor the instant request for remand suggest that there is something unique about this case that would require a different result.

Mr. Bhatnagar's claim for "breach of trust and good faith" is also predicated on his discharge and revolves around whether Medco had sufficient proof – in other words, "cause" – for terminating him in May 2009.  *See* Ex. A (Article 9); *see* Compl. at ¶¶ 41-50.  Such allegations conclusively demonstrate that resolution of Mr. Bhatnagar's claim is "inextricably intertwined with consideration of the terms of the labor contract."  *Allis-Chalmers Corp.*, 471 U.S. at 211-212.  Indeed, claims for a breach of the covenant of good faith and fair dealing are preempted whenever an employee is covered by a collective bargaining agreement which contains terms concerning job security like Article 9 of Medco's CBA with the Union.  *See, e.g., Cook v. Lindsay Olive Growers*, 911 F.2d 233, 238 (9th Cir. 1990); *Young*, 830 F.2d at 999-1001 (explaining rationale for finding that such claims are preempted under Section 301); *see also Sanders v. Culinary Workers Union Local No. 226*, 804 F. Supp. 86, 99 (D. Nev. 1992).

---

[3]     Although it is not relevant in light of well-established Ninth Circuit precedent, *see Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000) (quoting *Young v. Anthony's Fish Grottos*, 830 F.2d 993, 997 (9th Cir. 1987)), for the record, Plaintiff did not have an individual employment agreement with Medco.  Indeed, he could not have had such an agreement.  Section 8(a)(5) of the National Labor Relations Act prohibits such agreements because they circumvent the Union and constitute improper direct dealing with employees.  *See* 29 U.S.C. § 158; *see also S. Cal. Gas Co.,* 316 NLRB 979, 982 (1995) (individual agreements which modify the terms and conditions of employment prohibited by the NLRA).

Plaintiff's fourth cause of action for fraud is also preempted because it depends on a contention that Medco's promise in Article 9 to discharge or discipline only when it has just cause is a misrepresentation, and therefore would require the Court to look to and interpret Article 9 of the Agreement. *See, e.g., Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1016 (9th Cir. 2000); *Stone v. Writer's Guild of America West, Inc.*, 101 F.3d 1312, 1314 (9th Cir. 1996) (claim for fraud properly dismissed as preempted by federal labor law when claim was "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract.").

In sum, this is not a case where Plaintiff is alleging statutory discrimination or wage claims which are independent of the collective bargaining agreement. *See, e.g., Livadas v. Bradshaw*, 512 U.S. 107, 116 (1994). Mr. Bhatnagar's four causes of action simply cannot be resolved without interpretation and application of Articles 9, 10 and 11 of the Agreement. They are therefore preempted by Section 301.

> **B.      Because Mr. Bhatnagar's Claims Are Preempted By Section 301, The Court Has Federal Question Subject Matter Jurisdiction Over The Lawsuit, Despite The Fact That Plaintiff Has Attempted To Characterize His Causes Of Action As State Law Claims.**

It is well-established that when LMRA preemption applies, federal law completely displaces a plaintiff's state law claims, no matter how carefully pled. Any such claim, "from its inception" is a "federal claim," arising under federal law "notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000) (*citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987) ("the preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.")).

As set forth in detail above, Mr. Bhatnagar's claims are clearly preempted by Section 301. They therefore arise under federal law and are properly before this Court.

**IV.   CONCLUSION**

For the reasons set forth above, Plaintiff's four causes of action are preempted by Section 301 of the LMRA.   They were therefore properly removed and properly before this Court. Plaintiff's request that the lawsuit be remanded must be denied.

Dated this 11th day of July, 2011.

JACKSON LEWIS LLP


_____/s/ Paul T. Trimmer_____
Gary C. Moss, Bar No. 4340
Paul T. Trimmer, Bar No. 9291
3960 Howard Hughes Parkway, Suite 450
Las Vegas, Nevada 89169

*Attorneys for Defendant*

1

2

**CERTIFICATE OF SERVICE**

Pursuant to Special Order #109, counsel of record registered for the CM/ECF system

3

4

have been served with the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S**

5

**OPPOSITION TO REMOVAL** by electronic means.  In addition, pursuant to Fed. R. Civ. P.

6

5(b), I hereby certify that the service of the same was made this day by depositing a true copy of

7

the same for mailing at Las Vegas, Nevada, addressed to:

8

9

Namit Bhatnagar
273 Great Duke Avenue
Las Vegas, NV 89183

10

11

Dated this 11th day of July, 2011.

12

13

/s/ Paul T. Trimmer
An employee of JACKSON LEWIS LLP

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JACKSON LEWIS LLP

LAS VEGAS