Gary C. Moss, Bar No. 4340
mossg@jacksonlewis.com
Paul T. Trimmer, Bar No. 9291
trimmerp@jacksonlewis.com
**JACKSON LEWIS LLP**
3960 Howard Hughes Parkway
Suite 450
Las Vegas, Nevada 89169
Tel:  (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendant*
*Medco Health LLC*

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NAMIT BHATNAGAR, an individual,<br><br>           Plaintiff,<br><br>        v.<br><br>MEDCO HEALTH, LLC, a foreign Limited Liability Company doing business in Nevada DOES I through X and ROES I through X,<br><br>           Defendants. | Case No.:  2:11-cv-00914-PMP-LRL<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Defendant Medco Health, LLC ("Medco" or "Defendant"), by and through its counsel, Jackson Lewis LLP, submits the following opposition to Plaintiff Namit Bhatnagar's Motion for Reconsideration (Doc. No. 17).

**I.      INTRODUCTION**

Mr. Bhatnagar has failed to establish good cause for reconsidering the Court's July 18, 2011 Order dismissing the Complaint.  The statements in his request for reconsideration make it clear that: (1) he was aware that the Motion to Dismiss was dispositive and that if he failed to oppose it, his case may be dismissed; and, (2) that he disregarded the Court's *Klingele v. Eikenberry* Order because of his "firm" – but obviously unreasonable – belief that he could ignore filing a response until after the Court ruled on his "Opposition to Removal."  (Doc. No. 9.)  In

light of those facts, Mr. Bhatnagar plainly lacked good cause for failing to oppose Defendant's Motion.

The statements in Mr. Bhatnagar's request also make it clear that if he had filed an opposition to the Motion to Dismiss, it would have no merit.  The Court's dismissal of Plaintiff's Complaint with prejudice was clearly correct.  None of the contentions in the request come close to suggesting that the "highly unusual circumstances" required for granting a motion for reconsideration are present here.  *Oden v. Public Defender*, 2:11-cv-00558-KJD-PAL, 2011 U.S. Dist. LEXIS 68296, at *2-3 (D. Nev. June 23, 2011) (quoting *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001)).  To the contrary, Plaintiff merely rehashes the arguments set forth in his "Opposition to Removal," Doc. No. 9, and contends that the Court erred by not "deciding the jurisdictional matter" raised in that pleading.  Plaintiff's "jurisdictional" arguments, however, were both answered in detail in Defendant's response to that document, Doc. No. 11, and anticipated and handled in Defendant's Motion.  Moreover, in resolving the Motion to Dismiss, and concluding that Mr. Bhatnagar's claims are preempted by Section 301 and otherwise fail to state a claim for relief, the Court implicitly resolved the jurisdictional issue.  "The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos*, 830 F.2d 993, 997 (9th Cir. 1987).  Mr. Bhatnagar's request for reconsideration should be denied.

## II.    BACKGROUND

Medco moved to dismiss Plaintiff Namit Bhatnagar's Complaint in its entirety on June 20, 2011, Doc. No. 6.  Defendant argued that the Complaint should be dismissed for two reasons. First, that the four causes of action, entitled wrongful termination, breach of contract, breach of trust and good faith, and fraud and deceit, respectively, are preempted by Section 301 of the Labor

Management Relations Act, 29 U.S.C. § 185; and, second, that even if the Court did not find that all of the claims are preempted, Mr. Bhatnagar's Complaint should still dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

After the Motion was filed, the Court issued a minute order which, in accordance with *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), warned Plaintiff that if he failed to oppose Defendant's Motion, the Court may grant the motion pursuant to Local Rule 7-2(d).  *See* June 20, 2011 Order, Doc. No. 8.  More specifically, the Court's June 20th Order provided that "This notice contains important information about what you need to do to oppose the motion.  Please read it carefully." *Id.* at 1.  It also contained a section that specifically advised the Plaintiff as to his responsibilities for opposing the Motion:

> **Motion to Dismiss Fed. R. Civ. P. 12(b)(6)**
>
> If the party or parties which filed the motion (hereinafter the "moving party") have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the party or parties against whom that motion is filed (hereinafter, the "nonmoving party") must file points and authorities in opposition to that motion within fourteen (14) days after service of the motion. Local Rule 7-2(b).  **The failure to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. Local Rule 7-2(d). The court may then grant the motion and dismiss the nonmoving party's claims.** If the nonmoving party does not agree that its claims should be dismissed, it must file and serve points and authorities in opposition within fourteen (14) days from the date the moving party served the nonmoving party with the motion.

June 20, 2011 Order at p. 2 (emphasis added).

Pursuant to Local Rule 7-2(b), and as also set forth in the June 20th Order, Plaintiff's Opposition was due fourteen days after the Order was issued.  Including three additional days for mail service, that means Plaintiff's Opposition was due no later than July 7, 2011.  Plaintiff did not

1  file an Opposition; and, he did not contact Defense counsel nor move the Court for an extension.[1]

2  The Court granted Defendant's Motion on July 18, 2011.  (Doc. No. 14.)  The Court noted

3  that Plaintiff had failed to oppose the Motion and dismissed Plaintiff's Complaint with prejudice,

4  holding that Medco was "entitled to the relief requested in its Motion."  *Id.*

5  Plaintiff filed the instant request for reconsideration on July 29, 2011.  (Doc. No. 17.)  Mr.

6  Bhatnagar admits that he received Defendant's Motion in the normal course and that he was "well

7  aware of the fact that Defendant's Motion to Dismiss [was] a Dispositive Motion and failure to

8  oppose the Motion in timely manner may end [his lawsuit] without Trial."  *Id.* at 3:23-24.  Mr.

9  Bhatnagar's explanation for his failure to file an Opposition is hard to understand, but it appears

10  that he ignored his obligation to oppose Defendant's Motion because he believed that his

11  Opposition to Removal would be ruled on first.[2]  *Id.* at 4:8-11.

---

[1]  On June 24, 2011, Plaintiff filed a document entitled "Plaintiff's Opposition to Removal of Civil Action From State Court to United States District Court."  (Docket No. 9).  As noted in Defendant's Response to that document, which was filed on July 12, 2011 (Doc. No. 11), it would appear that the document, in light of Mr. Bhatnagar's *pro se* status, would more properly be characterized as a motion to remand his lawsuit back to state court.  It was not an opposition to the Motion to Dismiss.  To the extent the Opposition to Removal contested Defendant's position that Plaintiff's claims are preempted, both Defendant's Motion (Doc. No. 6) and Response (Doc. No. 11) responded to those arguments in detail.  More importantly, even if the Opposition to Removal were construed as an opposition to the Motion to Dismiss, and even if the Court concluded that Plaintiff's claims, in whole or in part, are not preempted, the Opposition to Removal still failed to respond to Defendant's contention that Plaintiff's causes of action fail to state a claim for relief.  *See* Motion Section IV.B.1-4.

[2]  It also appears that Mr. Bhatnagar is disputing his receipt of the *Klingele* notice.  Request for Reconsideration at 3:25-4:4.  He asserts that he did not receive the June 20, 2011 order until more than a month later on July 29, 2011.  There is no sworn affidavit or declaration to that effect.  Mr. Bhatnagar also admits that he was aware of the *Klingele* order on or about June 21, 2011, so his failure to follow up on a court order he knew had been issued but had not received after more than a month does not indicate diligence or good faith.  In addition, and critically, Mr. Bhatnagar does not dispute that he received the Motion to Dismiss, which was mailed to the same address on the same day by both the Court and the Defendant, and there is a presumption that mail is delivered as addressed.  *See, e.g.*, *Roberts v. Nev. ex rel. Its Dep't of Conservation & Natural Res.*, 2008 U.S. Dist. LEXIS 63905, at *17-18 (D. Nev. Aug. 20, 2008) (there is a rebuttable presumption that mail is delivered in a reasonable period of time, and that presumption can only be overcome by sworn testimony or other evidence, such as documentary evidence and

## III.   STANDARD OF REVIEW

A motion for reconsideration cannot be granted unless it sets forth the following: (1) some valid reason why the Court should revisit its prior order; **and** (2) facts or law of a "strongly convincing nature" which support reversing the prior decision. *See Mazzeo v. Gibbons*, 2010 U.S. Dist. LEXIS 105798, at *12-14 (D. Nev. Sept. 30, 2010) (quoting *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003)).   Even then, reconsideration is only appropriate if the decision maker has committed clear error, the initial decision was manifestly unjust, or there has been an intervening change in controlling law. *See id.* (citing *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004)).   In other words, motions for reconsideration are not the proper vehicles for repeating old arguments, *see Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995), and are "not intended to give an unhappy litigant one additional chance to sway the judge." *Id.*; *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003) (same).

## IV.   ARGUMENT

Plaintiff's Motion for reconsideration should be denied.

First, the Court's decision to treat Defendant's Motion as unopposed was clearly correct. And, as Mr. Bhatnagar admits in his request for reconsideration, he failed to file an opposition or request an extension of time to do so despite having received service of the motion and despite the fact that he was aware of the Court's *Klingele* notice on June 21, 2011.  That alone is sufficient to grant the Motion.[3]  *See* LR 7-2(d); *Moses v. Am. Fedn. of Musicians & Employers' Pension Fund*,

---

postmarks showing that the mail was sent late or not delivered).  Given his admission that he received the Motion itself, the failure to receive the *Klingele* notice does not absolve Plaintiff from opposing the Motion.  More importantly, the Court was plainly able to evaluate the merits of Defendant's Motion in the absence of an opposition by Plaintiff, and Mr. Bhatnagar's argument that he did not receive a *Klingele* notice does not indicate that the Court seriously erred in its determination of the merits such that reconsideration is warranted.

[3]     Whether Plaintiff received the *Klingele* notice is irrelevant.  He received the Motion – apparently twice, because both Defendant and the ECF system mailed him a copy – and therefore

Case No. 2:10-cv-1728-LDG-RDJ, 2011 U.S. Dist. LEXIS 76641, *3-4 (D. Nev. July 14, 2011) (noting that plaintiff received a *Klingele* notice and holding that "The failure to file points and authorities in opposition to a motion is deemed a consent to the granting of that motion."); *Slavko Damjanovic v. Vons Cos.*, 2011 U.S. Dist. LEXIS 80520, 1-2 (D. Nev. July 21, 2011) (granting motion and  noting that "Plaintiff, who is currently self-represented, has failed to respond to the Motion, despite having been given a *Klingele v. Eikenberry* notice.").  But even if the failure to file an opposition meant only that the merits of the Motion were considered in a vacuum, Defendant clearly established that (1) each of Plaintiff's claims were preempted by Section 301 and therefore subject to dismissal because Plaintiff had failed to exhaust contractual remedies; and, (2) each of Plaintiff's causes of action failed to state a claim.  No more is required. *See, e.g., Grayson v. Titanium Metals Corp.*, 2:08-cv-01754-KJDGWF, 2009 U.S. Dist. LEXIS 7235, at *1 (D. Nev. Jan. 30, 2009) (granting unopposed motion to dismiss complaint because it is preempted by Section 301 of the LMRA with prejudice); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal based on failure to file opposition affirmed).

        Second, the only legal basis for reconsideration in Plaintiff's request is his contention that his Complaint is composed of only state law claims.  That argument, however, does not warrant reconsideration.  Indeed, without reiterating the arguments set forth in the Motion, there was clearly good cause for dismissing Mr. Bhatnagar's claims with prejudice.[4]  Under well-established Ninth Circuit precedent, state law claims like those asserted by Mr. Bhatnagar are preempted "if

knew he had an obligation to respond within the timeframe set forth in LR 7-2.  Pro se litigants are given substantial leeway, but nevertheless must comply with the Court's procedural rules. *See, e.g., Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 629 (D. Nev. 2002); *Kahre v. United States*, No. CV-S-0200375-LRH-LRL, 2003 WL 21001012, at *2 (D. Nev. March 10, 2003) ("[C]ourts should not assume the role of advocate for the pro se litigant.").

[4]        Defendant's contention that Plaintiff's claims are preempted by Section 301 is briefed in detail in the Motion, Section IV.A.1-5, and in Defendant's Response to Plaintiff's Opposition to Removal, Section III.A.  For the sake of brevity, those arguments are incorporated herein by reference.

the plaintiff['s] claim is either grounded in the provisions of the labor contract *or* requires interpretation of it." *Burnside v. Kiewit Pacific Corporation*, 491 F.3d 1053, 1059 (9th Cir. 2007); *see also Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988) (Section 301 preempts state claims based upon obligations created by a collective bargaining agreement); *Adkins v. Mireles*, 526 F.3d 531, 539 (9th Cir. 2008).  Put another way, claims are preempted by Section 301, so long as the CBA "can reasonably be said to be relevant to the resolution of the dispute." *Firestone v. Southern California Gas Co.*, 281 F.3d 801, 802 (9th Cir. 2002).

Mr. Bhatnagar's Complaint contained four causes of action: (1) wrongful termination; (2) breach of contract; (3) breach of trust and good faith; and (4) fraud and deceit.  Although the contentions are labeled differently, each of these claims is predicated on allegations that Mr. Bhatnagar was terminated without notice and without adequate warning as to the rules he was accused of violating.  *See* Compl. ¶¶ 15-17; 32-38; 42-48; 52-55.  In other words, this lawsuit is a classic union discharge case: Mr. Bhatnagar contends that he was terminated without just cause, and courts have repeatedly held that claims like those brought by Mr. Bhatnagar are preempted by Section 301.  *See, e.g., Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (claim was preempted because it was "defined by the contractual obligation of good faith" arising from the CBA); *Grayson*, 2009 U.S. Dist. LEXIS 7235 at *2-3 (holding that although claims such as wrongful discharge "appear to be framed under state law, they are clearly preempted") (citing *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 562, 96 S. Ct. 1048 (1976)); *Sewell v. Genstar Gypsum Products Co., Div. of Domtar Gypsum, Inc.*, 699 F. Supp. 1443, 1449 (D. Nev. 1988) ("Plaintiff's wrongful discharge claim, whether framed in terms of breach of Collective Bargaining Agreement, breach of individual employment contract, or breach of implied covenant of job security, is governed by the terms of the Collective Bargaining Agreement, and is therefore preempted by § 301 of the LMRA."); *Thomsen v. Sacramento Metro. Fire Dist.*, No. 2:09-CV-

01108 FCD/EFB, 2009 U.S. Dist. LEXIS 97242, at *19-20 (E.D. Cal. Oct. 19, 2009) ("Because these allegations arise out of the alleged disciplinary actions against him and because disciplinary actions and letters of warning are governed by the collective bargaining agreement, resolution of plaintiff's claims require examination and interpretation of the agreement. As such, plaintiff's claim for negligent infliction of emotional distress is preempted by § 301 of the LMRA."); *Rovai-Pickett v. HMS Host, Inc.*, No. C-08-1625 MMC, 2008 U.S. Dist. LEXIS 65906, 9-10 (N.D. Cal. Aug. 26, 2008) (same); *Greenly v. Sara Lee Corp.*, No. S-06-1775, 2006 U.S. Dist. LEXIS 90868, 13-14 (E.D. Cal. Dec. 13, 2006) ( "all of these accusations . . . involve work conditions explicitly covered by the CBA. (CBA Sections 3 (seniority in promotions), 4 (hours), 7 (wages) … [and] [t]herefore, in order to assess whether defendants' conduct in this regard was "outrageous," the court must consider the CBA); *Bradshaw v. Goodyear Tire & Rubber Co.*, 485 F. Supp. 2d 821, 830-831 (N.D. Ohio 2007) (same).

The conclusion that Medco's CBA with the Union is relevant to the resolution of each of Mr. Bhatnagar's claims, and that the claims are therefore preempted by Section 301 of the LMRA, is inescapable.  The Court's July 18, 2011 Order dismissing Plaintiff's Complaint with prejudice was clearly correct, and Mr. Bhatnagar's request for reconsideration sets forth no legal argument or new facts which would warrant reaching a different conclusion.

Third, and again, without belaboring the record with a reiteration of the arguments set forth in Section IV.B.1-4 of the Motion to Dismiss, each of Plaintiff's causes of action also fails to state a claim; and, even now, Plaintiff has not even attempted to respond to those arguments. Accordingly, if the Court concludes that one or more of Plaintiff's claims could survive preemption by the LMRA, those claims should still be dismissed pursuant to Fed. R. Civ. 12(b)(6).

JACKSON LEWIS LLP
LAS VEGAS

-8-

1   **V.      CONCLUSION**

2         Plaintiff's request for reconsideration should be denied.

3   Dated this 15th day of August, 2011.

4                                         JACKSON LEWIS LLP

5

6                                         _____/s/ Paul T. Trimmer_____
                                          Gary C. Moss, Bar No. 4340
7                                         Paul T. Trimmer, Bar No. 9291
                                          3960 Howard Hughes Parkway, Suite 450
8                                         Las Vegas, Nevada 89169

9                                         *Attorneys for Defendant*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to Special Order #109, counsel of record registered for the CM/ECF system have been served with the foregoing **Opposition to Plaintiff's Motion for Reconsideration** by electronic means.  In addition, pursuant to Fed. R. Civ. P. 5(b), I hereby certify that the service of the same was made this day by depositing a true copy of the same for mailing at Las Vegas, Nevada, addressed to:

Namit Bhatnagar
273 Great Duke Avenue
Las Vegas, NV 89183

Dated this 15th day of August, 2011.

/s/ Rae J. Christakos
An employee of JACKSON LEWIS LLP