NAMIT BHATNAGAR
273 Great Duke Ave.
Las Vegas, Nevada 89183
Telephone(702) 896-9989
In Proper Person

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

NAMIT BHATNAGAR, an individual,

    Plaintiff,

v.

MEDCO HEALTH LLC., a foreign Limited Liability Company doing business in Nevada DOES I through X and ROES I through X

    Defendants,

CASE NO.: 2:11-cv-00914-PMP-LRL

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR RECONSIDERATION

COMES NOW, Plaintiff, NAMIT BHATNAGAR, appearing In Propria Persona in Reply To Defendant's Opposition To Motion for Reconsideration and states as follows.

### MEMORANDUM OF POINTS AND AUTHORITIES
#### Introduction

Defendant in his Opposition is trying to mislead the Court by stating that he Plaintiff disregarded the Court's *Klingele v. Eikenberry* Order because of his "firm" - but obviously unreasonable- belief that he could ignore filing a response until after the Court ruled on his "opposition to removal."

1

1     Plaintiff in his Request for Reconsideration has clearly stated "After receiving the Court's Order in Mail, **that** Defendant Medco Health, LLC's Motion to Dismiss (Doc # 6) is **GRANTED,** Plaintiff knew that on or about June 21, 2011 the Court ORDERED IN CHAMBER regarding Motion To Dismiss and it was sent by mail to the Plaintiff. **The Plaintiff did not receive this minute order in Mail till to-day."** (See Plaintiff's Motion for Reconsideration page 4 line 21to 4)

    Plaintiff has also stated that "The Plaintiff was shocked and surprised to see the Court Order in mail **that** Defendant Medco Health, LLC's Motion to Dismiss (Doc # 6) is **GRANTED.** (See Plaintiff's Motion for Reconsideration page 3 line 21to 22)

Plaintiff did not receive *Court's Klingele v. Eikenberry Order* and it is a misleading statement that Plaintiff ignored the Court's Order.

    Plaintiff was waiting for the Court's Order served to the Plaintiff regarding Defendant's Motion to Dismiss. (See Plaintiff's Motion for Reconsideration page 3 line 25to 26)

    Plaintiff reiterates that Plaintiff was well aware of the fact that Defendant's Motion to Dismiss is a Dispositive Motion and failure to oppose the Motion in timely manner may end without Trial but as Plaintiff has stated he did not receive the Court Order on about June 21, 2011.

    Plaintiff has enough time to Oppose the Defendant's Motion and/or like the Defendant he had opportunity to file for extension and even without giving an opportunity to oppose get the Court Order for Extension as it has been ordered in this case for Defendant.

    On June 14, 2011 Defendant filed his Motion to Extend Time to Answer or Otherwise Respond to Plaintiffs' Complaint and the Honorable Judge Philip M. Pro ordered **'IT IS SO ORDERED'** signed and dated on the second page of the Motion. (See Plaintiff's Motion for Reconsideration Exhibit-7)

    On June 14, 2011 the at 9:13 ORDER Granting (4) Motion to Extend time was entered and was sent by Mail to Plaintiff. (See Plaintiff's Motion for Reconsideration Exhibit-8)

    Plaintiff received the Court's Order before receiving Defendant Motion for Extension mailed to the Plaintiff on or about June 14, 2011.

1 Plaintiff has no access to the Court's Order on line as the Defense Attorney has.

2 **STANDARD OF REVIEW:**

3 A Motion for reconsideration can be granted if it sets forth the following

4 1. Some valid reason why the Court should revisit its prior order

5 2. and a facts of law of a strongly convincing nature.

6 In the case at bar meets both the criteria as stated above. Though the Plaintiff received
7 the Defense Motion to Dismiss but Plaintiff did not receive the Court Order which is must in
8 such type of dispositive motion. and in the interest of justice Plaintiff must be provided an
9 opportunity to oppose the motion to dismiss.

10 There is a solid reason to believe for Plaintiff that court would order on this motion after
11 deciding the Pending Jurisdictional Motion.

12 The court has erred by deciding the Motion to Dismiss before deciding the Issue of
13 Jurisdiction. The Plaintiff has strongly opposed the Defendant's Motion for Removal of the case
14 from State Court to Federal Court and the motion is still pending for Order.

15 Plaintiff believes that decision maker has committed clear error and the initial decision is
16 manifestly unjust.

17 Plaintiff motion for reconsideration is not a repetition of old arguments and Plaintiff is
18 not merely asking to give and unhappy litigant one additional chance to sway the judge.

19 **ARGUMENTS:**

20 Plaintiff is entitled for reconsideration and motion must be granted under the provisions
21 of FRCP RULE 60 (b)(1) RELIEF FROM A JUDGMENT OR ORDER

22 (b) Ground for Relief from a Final Judgment, Order or Proceeding. On motion and just
23 terms, the court may relieve a party or its legal representative from a final judgment, order or
24 proceeding for the following reasons:

25 (1) mistake, inadvertence, surprise, or excusable neglect.

26 (6) any other reason that justifies relief.

27 Plaintiff was of the firm belief that first of all the Court would decide the Jurisdictional
28 matter and then Court would issue order regarding Motion to Dismiss.

-15

## STANDARD FOR REVIEW.

**FRCP RULE 60 (b)(1) RELIEF FROM A JUDGMENT OR ORDER**

**(b) Ground for Relief from a Final Judgment, Order or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:**

    **(1) mistake, inadvertence, surprise, or excusable neglect.**

    **(6) any other reason that justifies relief.**

## ARGUMENTS:

The Plaintiff was shocked and surprised to see the Court Order in mail **that** Defendant Medco Health, LLC's Motion to Dismiss (Doc # 6) is **GRANTED.**

Plaintiff was well aware of the fact that Defendant's Motion to Dismiss is a Dispositive Motion and failure to oppose the Motion in timely manner may end without Trial.

Plaintiff was waiting for the Court's Order served to the Plaintiff regarding Defendant's Motion to Dismiss.

Plaintiff was of the firm belief that first of all the Court would decide the Jurisdictional matter and then Court would issue order regarding Motion to Dismiss.

Plaintiff knew that on or about June 21, 2011 the Court ORDERED IN CHAMBER regarding Motion To Dismiss and it was sent by mail to the Plaintiff. **The Plaintiff did not receive this minute order in Mail till to-day.**

The Defendant 's Notice to Federal Court of Removal of Civil Action from State Court filed on June 6, 2011 See Exhibit-1 and Plaintiff's Opposition For Removal of Civil Action from State Court to United States District Court **are still undecided** .

Plaintiff was of the opinion, If Court decides that Plaintiff's Opposition To Removal of Civil Action from State Court to United States District Court has no merit then Plaintiff would

4

have enough time to request for leave of the court to file his amended Complaint based on federal requirements.

Plaintiff reiterates the following:

"Plaintiff is waiting for Court's Action on defendant's Motion for removal of the case to the Federal Court and Plaintiff's Opposition to Removal of Civil Action from State Court to United States District Court, District of Nevada."

"Plaintiff would file his Opposition on Motion to Dismiss Plaintiff's Complaint as soon as the Court decides the Motion for Removal of this case."

"Action is presently required by the Court on Defendant's Motion for Removal of this case from State Court to United States District Court and Opposition of Plaintiff for Removal of this case from State Court to United States District." See Exhibit-12

The Plaintiff believes that court has erred in granting the Defendant's Motion to dismiss without deciding the Jurisdictional matter that is still pending in the Court.

Plaintiff reaffirms this Honorable Court that did not receive the Court order dated June 21, 2011 otherwise he would have filed Opposition to Defendant's Motion to Dismiss.

Plaintiff is surprised with the action of the learned Attorney for the Defendant that why he did not file his Motion to Dismiss the Complaint in Clark County District Court where the Complaint was originally filed. He filed with U. S. District Court to transfer the case from State Court to Federal Court and before the Court decided the Jurisdiction the attorney got a order from the Federal Court in Defendant's favor on the Motion to Dismiss unopposed while the Plaintiff did not even receive the Court Order Dated June 21, 2011 in Mail.

## CONCLUSION

Plaintiff believes that in the interest of justice he deserves a relief from the Honorable Court's Order Dated July 18, 2011 on Defendant's Motion to Dismiss under the provisions of FRCP Rule 60(b)(1)and/or(6).

**WHEREFORE** Plaintiff respectfully requests this Honorable Court to reconsider its Order Dated July 18, 2011 and first decide the Jurisdiction of the case and provide the opportunity to the Plaintiff to file opposition to Defendant's Motion to Dismiss.

Dated this 23rd day of August 2011.

*/s/ Namit Bhatnagar*
NAMIT Bhatnagar
273 Great Duke Ave.
Las Vegas, Nevada 89183
Telephone (702) 896-9989
In Proper Person

# CERTIFICATE OF SERVICE

I Namit Bhatnagar hereby certify that on this 24th day of August, 2011, I caused to be sent via U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing Reply To Defendant's Opposition To Motion for Reconsideration, properly addressed to the following:

Paul T. Trimmer

3960 Howard Hughes Parkway, Suite 450

Las Vegas, NV 89169

*[Signature: Namit Bhatnagar]*

NAMIT Bhatnagar
273 Great Duke Ave.
Las Vegas, Nevada 89183
Telephone (702) 896-9989
In Proper Person

NAMIT BHATNAGAR
273 Great Duke Ave.
Las Vegas, Nevada 89183
Telephone(702) 896-9989
In Proper Person

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

NAMIT BHATNAGAR, an individual,  )
)
       Plaintiff,  )  CASE NO.: 2:11-cv-00914-PMP-LRL
v.  )
)
MEDCO HEALTH LLC., a foreign  )
Limited Liability Company doing business  )
in Nevada DOES I through X and  )
ROES I through X  )
)
       Defendants,  )

### AFFIDAVIT OF NAMIT BHATNAGAR

STATE OF NEVADA    )
)ss.
COUNTY OF CLARK    )

    I, NAMIT BHATNAGAR,, first being duly sworn under oath states as follows:

1. That I am the Plaintiff in the above entitled matter and have read Reply To Defendant's Opposition To Motion for Reconsideration and have reviewed the exhibits attached thereto and believe them to be true except as to those matters stated to be made on information and belief and to those matters I believe them to be true.

2. Your Affiant did not receive *Court's Klingele v. Eikenberry Order* in mail till today.

3. Your Affiant did not ignore the Court's Order and your Affiant was waiting for Court's Order on Motion to Dismiss.

4. Your Affiant was of the belief that first the Court would decide the Jurisdictional issue and then Court would order on Motion to Dismiss.

4. Your Affiant believes that in the interest of Justice the affiant's deserves motion for reconsideration be granted.

5. Your Affiant believes that this Motion has been brought in good faith and in the interest of Justice.

FURTHER, YOUR AFFIANT SAYETH NAUGHT.

Dated this 23rd day of August 2011.

NAMIT Bhatnagar

SUBSCRIBED AND SWORN to before me

on this 23rd day of August 2011.

NOTARY PUBLIC



BABA S. ANAL
Notary Public, State of Nevada
Appointment No. 02-75542-1
My Appt Expires May 24, 2014