UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NAMIT BHATNAGAR,

        Plaintiff,

v.

MEDCO HEALTH, LLC,

        Defendant.

2:11-cv-00914-PMP-LRL

ORDER

Presently before the Court is whether this Court has subject matter jurisdiction over Plaintiff Namit Bhatnagar's ("Bhatnagar") claims against Defendant Medco Health, LLC ("Medco"), an issue remanded to this Court by the United States Court of Appeals for the Ninth Circuit (Doc. #27). On February 26, 2013, Bhatnagar filed a Brief Regarding Subject Matter Jurisdiction (Doc. #29), which the Court is treating as a Motion to Remand. Medco filed a Response (Doc. #30) on March 20, 2013.

**I. BACKGROUND**

Defendant Medco hired Plaintiff Bhatnagar as a customer service representative on May 28, 2001. (Notice to Fed. Ct. of Removal of Civil Action from State Ct. (Doc. #1), Ex. B ["Compl."] at 2.) At the time Medco hired Bhatnagar, a collective bargaining agreement ("1997 CBA") was in place between PAID Prescriptions, LLC ("PAID") and the Retail, Wholesale and Department Store Union – United Food and Commercial Workers Union Local 2567 ("Local 2567 Union"). (Decl. of Josefa Stewart in Supp. of Def. Medco

Health, LLC's Opp'n to Pl.'s Br. Regarding Subject Matter Juris. ["H.R. Decl."] (Doc. #30-1), Ex. 4.)

Although Medco does not explain how Medco and PAID are related, Medco's human resources representative stated in her declaration that the 1997 CBA is a "true and correct copy of Medco's 1997 through 2007 collective bargaining agreement." (Id. at ¶ 7.) Furthermore, the 1997 CBA lists the same address for PAID as that given for Medco in a subsequent collective bargaining agreement ("2007 CBA") entered into by Medco and the Retail, Wholesale and Department Store Union – United Food and Commercial Workers Union Local 1102 ("Local 1102 Union"). (Id., Ex. 1 at cover page, Ex. 4 at cover page.) Additionally, the 1997 CBA and the 2007 CBA both incorporate by reference a September 29, 1997, Letter of Agreement. (Id., Ex. 1 at 1, Ex. 4 at 1.) Bhatnagar presents no argument or evidence to refute that the 1997 CBA was Medco's collective bargaining agreement.

Under the 1997 CBA, the Local 2567 Union was the "sole and exclusive representative for purposes of collective bargaining of a unit consisting of all regular full-time and part-time employees in the job classifications listed on Appendix A to" the 1997 CBA. (H.R. Decl., Ex. 4 at 1.) Customer service representative was one of the two positions listed in Appendix A. (Id., Ex. 4 at 31.) The 1997 CBA further provided that "[a]ll employees who apply will be admitted to membership in the Union." (Id., Ex. 4 at 3.) The 1997 CBA also provided that the employer would "deduct dues, as established by the Union, each pay period from the wages of Union members who consent in writing to such deduction." (Id., Ex. 4 at 2.) The 1997 CBA stated it was effective from October 1, 1997 until September 30, 2001, and would automatically renew each year thereafter unless either party provided notice of cancellation. (Id., Ex. 4 at 29.)

There is no evidence that the 1997 CBA was cancelled until May 17, 2007, when Medco and the Local 1102 Union entered into the 2007 CBA. (Id., Ex. 1 at 35.) The 2007

1  CBA lasted through May 16, 2010.  (Id.)  The 2007 CBA includes the same language as the
2  1997 CBA in all sections pertinent to this matter except that additional job titles are listed in
3  Appendix A.  (Id., Ex. 1 at 1-2, 37.)
4         While employed at Medco, Bhatnagar received four "annual union adjustment"
5  pay increases.  (Id., Ex. 2 at 3.)  Bhatnagar also received numerous performance notices.
6  (Id., Ex. 3.)  According to six of the performance notices, a union representative was
7  present at six of the twenty-six meetings regarding Bhatnagar's performance notices.  (Id.)
8  On the remaining performance notices, Bhatnagar indicated that there was no union
9  representative present.  (Id.)  On May 15, 2009, Medco terminated Bhatnagar's employment
10 allegedly for disconnecting customer calls in violation of company policy.  (Id.)  A union
11 representative was not present at the termination meeting.  (Id.)
12        Bhatnagar thereafter filed a Complaint in Nevada state court, alleging Nevada
13 state law claims of wrongful termination, breach of contract, breach of trust, and fraud and
14 deceit. (Compl.)  Medco removed the action to this Court.  (Notice to Fed. Ct. of Removal
15 of Civil Action from State Ct.)  Medco argued the Local 1102 Union represented Bhatnagar
16 and that the 2007 CBA between the Local 1102 Union and Medco governed the terms and
17 conditions of Bhatnagar's employment.  (Id.)  Medco therefore claimed that Section 301 of
18 the Labor Management Relations Act, 29 U.S.C. § 185 ("Section 301"), preempted
19 Bhatnagar's state law claims, thus giving this Court original federal question jurisdiction
20 under 28 U.S.C. § 1331.  (Id.)  Bhatnagar filed an opposition arguing that he did not allege
21 any violations of federal statutes in his Complaint, nor did he allege claims in excess of
22 $75,000, and therefore the Court did not have jurisdiction.  (Pl.'s Opp'n to Removal of
23 Civil Action from State Ct. to U.S. Dist. Ct. (Doc. #9) at 2.)  Medco replied that despite the
24 fact that Bhatnagar framed his causes of action as state law claims, those claims nonetheless
25 are preempted because they require interpretation of the 2007 CBA.  (Def.'s Resp. to Pl.'s
26 Opp'n to Removal (Doc. #11) at 2.)

1    Medco moved to dismiss Bhatnagar's claims.  (Mot. to Dismiss (Doc. #6).)
2 Medco claimed that the Local 1102 Union represented Bhatnagar because the Local 1102
3 Union represented all customer service representatives at Medco.  (Id. at 2.)  Medco further
4 claimed that because the Local 1102 Union represented Bhatnagar, the 2007 CBA governed
5 Bhatnagar's employment.  (Id.)  Medco thus concluded that Bhatnagar's state law claims
6 could not be resolved without interpreting and applying the 2007 CBA, and therefore
7 Section 301 preempted the claims.  (Id. at 5-10.)  Medco alternatively moved to dismiss
8 under Federal Rule of Civil Procedure 12(b)(6) because Bhatnagar's allegations were
9 "insufficient to establish plausible claims under Nevada law."  (Id. at 10.)

10    The same day Medco moved to dismiss, this Court issued a Minute Order (Doc.
11 #8), stating that when a party files a motion to dismiss, the non-moving party has fourteen
12 days to file an opposition, otherwise the non-moving party consents to the dismissal and the
13 Court may grant the motion.  See also LR 7-2(d) ("The failure of an opposing party to file
14 points and authorities in response to any motion shall constitute a consent to the
15 granting of the motion.").  Bhatnagar failed to oppose Medco's Motion to Dismiss.  The
16 Court granted Medco's Motion to Dismiss, stating Bhatnagar "failed to file a timely
17 response" and that it appeared Medco was "entitled to the relief requested on the merits of
18 [its] motion."  (Order (Doc. #14).)

19    Bhatnagar filed a Motion to Reconsider the Court's Order granting dismissal,
20 claiming surprise and excusable neglect under Federal Rule of Civil Procedure 60(b)(1).
21 (Pl. Namit Bhatnagar's Mot. to Reconsider its Order Dated July 18, 2011 (Doc. #17) at 3.)
22 Bhatnagar stated he believed the Court would rule on the jurisdictional issue before
23 deciding Medco's Motion to Dismiss, and therefore he was waiting to file his opposition to
24 the Motion to Dismiss until after the Court decided the jurisdictional issue.  (Id.)  Bhatnagar
25 also stated he did not receive in the mail the Court's Minute Order (Doc. #8) explaining the
26 time frame in which to file an opposition until the day he filed for reconsideration.

(Id. at 4.) Medco opposed Bhatnagar's Motion to Reconsider, arguing Bhatnagar did not meet the "highly unusual circumstances" required for reconsideration. (Opp'n to Pl.'s Mot. for Recons. (Doc. #18) at 2.) Bhatnagar replied that the Court erred in granting the Motion to Dismiss before deciding the jurisdictional issue, and that the interests of justice dictate that he should have been given a meaningful opportunity to oppose the Motion to Dismiss. (Pl.'s Reply to Def.'s. Opp'n to Mot. for Recons. (Doc. #19) at 3-5.) The Court denied Bhatnagar's Motion for Reconsideration. (Order (Doc. #20).)

Bhatnagar appealed this Court's Order denying reconsideration to the United States Court of Appeals for the Ninth Circuit. In his reply brief on appeal, Bhatnagar raised for the first time that he was never a union member, and thus a collective bargaining agreement did not cover the terms and conditions of his employment. (Order of the U.S. Ct. of Appeals for the Ninth Cir. (Doc. #27).) Therefore, Bhatnagar argued removal on the basis of Section 301 was improper. (Id.) The Ninth Circuit remanded the case to this Court for the limited purpose of determining whether a collective bargaining agreement governed Bhatnagar's employment, and whether Medco properly removed this action on the basis of federal preemption under Section 301. (Id.) Upon remand, this Court instructed Bhatnagar to file a brief supporting his position that the Court lacked subject matter jurisdiction, and instructed Medco to file a reply. (Order (Doc. #28).)

## II. DISCUSSION

Bhatnagar claims that because he was not a union member, no collective bargaining agreement applies to the instant case. Bhatnagar argues that when he began his employment at Medco in May 2001, the 2007 CBA did not exist because its coverage began six years later. Bhatnagar also argues that he never applied to become a union member, nor did he ever consent to or pay union dues. Finally, Bhatnagar contends that because he is a pro se litigant, the Court should construe his documents liberally.

///

1    Medco responds that Bhatnagar was represented by a union for the duration of
2 his employment.  Medco asserts that it does not matter whether Bhatnagar was a dues-
3 paying union member because the relevant inquiry is whether the unions represented the
4 "bargaining unit" that included Bhatnagar.  Medco argues that because Bhatnagar was a
5 customer service representative and the unions represented the customer service
6 representatives, the collective bargaining agreements apply to Bhatnagar.  Medco also
7 asserts that although the 2007 CBA came into effect after Medco hired Bhatnagar, the 1997
8 CBA was in place at the time Medco hired Bhatnagar.

### A. Union Membership

The Ninth Circuit has not addressed whether an employee asserting he is not covered by a collective bargaining agreement because he is not a union member nevertheless is covered by the collective bargaining agreement.  However, circuits that have addressed this issue have found that employees who are part of the bargaining unit represented by a union are covered by a collective bargaining agreement regardless of whether the employees are union members.  See Quesnel v. Prudential Ins. Co., 66 F.3d 8, 11 (1st Cir. 1995); Saunders v. Amoco Pipeline Co., 927 F.2d 1154, 1156 (10th Cir. 1991) (finding "an individual employed in a craft governed by a collective bargaining agreement is bound by the terms of that agreement, regardless of his union membership"); see also Baker v. Amsted Indus., Inc. 656 F.2d 1245, 1248-49 (7th Cir. 1981) (finding the union designated by the majority of employees in the bargaining unit to be the exclusive representative of all employees in that unit, even those employees who preferred a different representative or no representative at all).  The First Circuit in Quesnel reasoned that a non-union member employee who was a member of the bargaining unit and received the benefits of the collective bargaining agreement while employed could not later disclaim the collective bargaining agreement.  66 F.3d at 11.

///

1    The Court concludes the Ninth Circuit also would hold that non-union members of a bargaining unit are covered by a collective bargaining agreement in the context of a non-union employee asserting that he is not covered.  The Ninth Circuit has held that a collective bargaining agreement covers both the union and non-union members who were part of the bargaining unit in the context of an employer arguing that non-union members who were part of the bargaining unit were not covered by the collective bargaining agreement.  Trs. of S. Cal. IBEW-NECA Pension Trust Fund v. Flores, 519 F.3d 1045, 1047 (9th Cir. 2008) ("When a collective bargaining agreement defines covered employees by job classification, it generally covers all employees within those classifications, regardless of union membership.").  The Court concludes the Ninth Circuit would agree with the other circuits and hold the same rule applies when it is the employee who seeks to disclaim coverage under the relevant collective bargaining agreement.

Here, under the 1997 and the 2007 CBAs, the bargaining unit included "all regular full-time and part-time" customer service representatives.  (H.R. Decl., Ex. 1 at 1, 37, Ex. 4 at 31.)  Bhatnagar was a customer service representative.  (Compl. at 2.)  Therefore, Bhatnagar was part of the bargaining unit covered by the 1997 and the 2007 CBAs.  Furthermore, Bhatnagar received pay increases pursuant to the CBAs and had a union representative present at six of the twenty-six performance notice meetings.  (H.R. Decl., Ex. 3.)  Having received the benefits of the 1997 and 2007 CBAs, Bhatnagar cannot now claim that those agreements do not cover him.  Therefore, the CBAs covered the terms and conditions of Bhatnagar's employment despite the fact that he was not a dues-paying union member.

### B. Removal

If a civil action filed in state court includes a federal claim, the defendant may remove the action to the district court embracing the state court.  28 U.S.C. § 1441(a), (c).  Therefore, if even one of Bhatnagar's claims was preempted under Section 301, the case

1  was properly removed and the Court had subject matter jurisdiction. Lee v. Am. Nat'l Ins.
2  Co., 260 F.3d 997, 1002-03 (9th Cir. 2001).
3        In "determining the scope of preemption" in a Section 301 case, it "is not how the
4  complaint is cast, but whether the claims can be resolved only by referring to the terms of
5  the collective bargaining agreement." Young v. Anthony's Fish Grottos, Inc., 830 F.2d
6  993, 999 (9th Cir. 1987). Thus, when resolution of an employee's state law claim depends
7  on substantive analysis of the terms of a labor agreement, Section 301 preempts the claim.
8  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985).
9        For his breach of contract claim, Bhatnagar alleges that Medco fired him in
10 "violation of the employment agreement" between he and Medco. (Compl. ¶ 38.)
11 Bhatnagar does not allege the specific employment agreement to which he is referring. The
12 1997 and 2007 CBAs are the only employment agreements before the Court. Therefore, to
13 resolve Bhatnagar's breach of contract claim, the Court necessarily would have to perform
14 substantive analysis of the terms of the CBAs. Even if there was an additional employment
15 agreement between Medco and Bhatnagar, Section 301 would preempt his breach of
16 contract claim because any "independent agreement of employment" concerning a position
17 in the bargaining unit "could be effective only as part of the collective bargaining
18 agreement," and thus the collective bargaining agreement would still control. Young,
19 830 F.2d at 997. Bhatnagar's breach of contract claim therefore is preempted by Section
20 301. The Court thus had subject matter jurisdiction over this case at the time it dismissed
21 Bhatnagar's claims.
22 *///*
23 *///*
24 *///*
25 *///*
26 *///*

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff Namit Bhatnagar's Motion to Remand or in the Alternative to File Response to Motion to Dismiss (Doc. #29) is hereby DENIED.

DATED:  August 3, 2013

_____
PHILIP M. PRO
United States District Judge